Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, SBN 319337
taylor.markey@eeoc.gov
Derek W. Li, SBN 150122
derek.li@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Phone: (213) 785-3008
Fax: (213) 894-1301

**JS-6**

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 2:23-cv-03018-FLA-(MARx) |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| PACIFIC CULINARY GROUP, INC.; AND CB FOODS, INC., DOES 1-10, INCLUSIVE, | Hon. Fernando L. Aenlle-Rocha U.S. District Judge |
| Defendants. | |

## I.      INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") and Defendants Pacific Culinary Group, Inc. and CB Foods, Inc. ("Defendants") and successor JRC Culinary Group, Inc. hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). The EEOC alleges that Defendants engaged in unlawful employment practices in violation of §§703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a), 2000e-3(a) by subjecting a class of aggrieved individuals to severe or pervasive sexual harassment and/or hostile work environment on the basis of sex (female and male); to retaliation; and/or to constructive discharge.

## II.     PURPOSES AND SCOPE OF THE CONSENT DECREE

In the interest of resolving this matter, the Commission, Defendants, and successor JRC Culinary Group, Inc. (hereinafter "the Parties") have agreed that this action should be finally settled by entry of this Consent Decree ("Decree"). This Decree shall be binding on and enforceable against Defendants and its officers, directors, agents, successors (including JRC Culinary Group, Inc.), and assigns. The scope of this Decree is companywide. The Parties have entered into this Decree for the following purposes:

A.    To provide appropriate monetary and injunctive relief;

B.    To ensure that Defendants and their successors' (including JRC Culinary Group, Inc.) employment practices comply with Title VII;

C.    To ensure a work environment free from discrimination, harassment, and/or retaliation;

D.    To ensure training for Defendants and their successors' (including JRC Culinary Group, Inc.) managers, supervisors, leads, human resource and other employees with respect to their obligations and rights under Title VII;

F.    To provide an appropriate and effective mechanism for receiving and handling discrimination, harassment, and/or retaliation complaints in the workplace; and

G.    To avoid the time, expense, and uncertainty of further litigation.

## III.    RELEASE OF CLAIMS

A.    The Parties agree that this Decree completely and finally resolves all claims made in the EEOC's Complaint filed in this action in the United States District Court, Central District of California on April 21, 2023, captioned *U.S. Equal Employment Opportunity Commission v. Pacific Culinary Group, Inc.; and CB Foods, Inc.*; Case No. 2:23-cv-03018-FLA-(MARx) (hereafter "Action").

B.    Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants and successors (including JRC Culinary Group, Inc.) fail to comply with the terms this Decree.

C.    Nothing in this Decree shall be construed to limit or reduce Defendants and successors' (including JRC Culinary Group, Inc.) obligation to comply fully with Title VII or any other federal employment statute.

D.    This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may exist or may later arise against Defendants and successors' (including JRC Culinary Group, Inc.) other than the charges giving rise to this Action.

## IV.    JURISDICTION

A.    The Court has jurisdiction over the Parties and the subject matter of this Action. The Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.

B.    The terms and provisions of this Decree are fair, reasonable, and adequate.

C.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and does not derogate the rights or privileges of any person.

D.     Entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

E.     The Court shall retain jurisdiction over this Action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to fully implement the relief provided herein.

## V.     EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately on the date which this Decree is entered by the Court ("Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three and a half years after the Effective Date, provided that Defendant and successors (including JRC Culinary Group, Inc.) substantially comply with the terms of this Decree.

## VI.    COMPLIANCE AND DISPUTE RESOLUTION

A.     The EEOC may review Defendants and successors' (including JRC Culinary Group, Inc.) compliance with any provision of this Decree. The EEOC may request copies of such documents from Defendants and successors (including JRC Culinary Group, Inc.) if otherwise unable to confirm their compliance. Defendants and successors (including JRC Culinary Group, Inc.) will comply with any such request to review within thirty (30) calendar days of the EEOC's request.

B.     If the Commission has reason to believe that any Defendant and/or successor (including JRC Culinary Group, Inc.) have in any way failed to comply with any provision of this Decree, the Commission may bring a motion before this Court to enforce the Decree. Before filing such a motion, however, the Commission shall notify the Defendant and/or successor (including JRC Culinary Group, Inc.) of the nature of the dispute. This notice shall specify the particular provision(s) with which the Commission believes the Defendant and/or successor

(including JRC Culinary Group, Inc.) have failed to comply. Absent a showing that the delay will cause irreparable harm, the Defendant and/or successor (including JRC Culinary Group, Inc.) shall have thirty (30) calendar days from the date of notice ("Dispute Resolution Period") to attempt to compliance. After thirty (30) days have passed, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the court deems appropriate.

C.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute raised by the EEOC.

D.     Where there is a showing that a Dispute Resolution Period will cause irreparable harm, the Commission may immediately initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree and/or any other relief the Court deems appropriate.

## VII.  MONETARY RELIEF

A.     In settlement of this lawsuit and in light of Defendants' representation of financial hardship, Defendants shall pay the sum of Two hundred and forty-five thousand dollars ($245,000) in monetary relief ("Class Fund") to the Identified Class Members.

B.     An "Identified Class Member" is an individual who is eligible to receive payment from the Class Fund. The EEOC has the sole and complete discretion under the terms of this Consent Decree to determine who is an Identified Class Member, the amount of payment to the Identified Claimant, and characterization of such payments as wages or non-wage compensation for emotional distress suffered.

C.     Defendants represented that it had  deposit the full amount of the Class Fund in the client trust account of its attorney, Jeffrey C. Lee, located at 490 S. Fair Oaks Avenue, Pasadena, CA 91105-2634. Any withdrawal of the Class

Fund from Attorney Jeffrey C. Lee's client trust account shall be in accordance with the terms of the Consent Decree or any other court order.

D.     Within fourteen (14) days of the Effective Date, the EEOC is to provide to Attorney Jeffrey C. Lee a distribution list with the name and current address of each Identified Class Member; and the amount for each Identified Class Member from the Class Fund.

E.     Within  twenty-eight (28) days of the Effective Date, Defendants' Attorney Jeffrey C. Lee shall send a check from the Class Fund in its client trust account by first class certified mail to each Identified Class Member at his or her address in the amount stated on the distribution list provided by the EEOC.

F.     Within seven (7) business days of the mailing of the checks to the Identified Class Members, Attorney Jeffrey C. Lee shall submit a copy of the checks and related correspondence to Regional Attorney Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

G.     In the event a payment is not made in accordance with the terms of the Consent Decree, the EEOC will issue a notice of non-compliance in which the Defendants shall have fourteen (14) days to cure the non-compliance. If the Defendants fail to cure the non-compliance within fourteen  (14) days of the notice of non-compliance, then the remaining balance plus interest as of the Effective Date shall be accelerated and shall be paid in full within seven (7) days thereafter. This section is exempt from Section VI on Compliance and Resolution. The EEOC will have the discretion to go to court to enforce the Decree without additional notice to enforce the acceleration of payments for the remainder of the Settlement Amount.

H.     Defendants shall not deduct from the Class Fund any amount for taxes for compensation designated as wages. For all payments of the Class Fund, Defendants or their Attorney Jeffrey C. Lee shall prepare and distribute any

necessary tax forms, including Form 1099s, to the Identified Class Members. Defendants shall make any appropriate reports for the payments to the Internal Revenue Service and other tax authorities. Defendants shall be solely responsible for any costs associated with the issuance and distribution of any tax forms.

K.     The EEOC's agreement to the monetary relief set forth in this section is based on Defendants' representations of financial hardship.  If evidence later reveals that Defendants' representations to be false, then Defendants will be liable to the EEOC for $300,000 in liquidated damages in addition to the monetary relief set forth in this section.

## VIII.  CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within thirty (30) calendar days of the Effective Date of this Decree, Defendants and successors (including JRC Culinary Group, Inc.) shall:

A.     remove from the personnel files of each Identified Class Member any references to the Identified Class Member's allegations of discrimination, harassment, or retaliation or other documents or information determined by the EEOC to be related to such allegations. Each Defendant and successor (including JRC Culinary Group, Inc.) must retain a record of any information removed from an Identified Class Member's personnel file pursuant to this subsection separately from Identified Class Member's personnel files consistent with the recordkeeping provisions contained herein or otherwise required by law;

B.     maintain records of the charges of discrimination and/or any Identified Class Member's involvement in the Action separately from his / her personnel file;

C.     be enjoined from providing negative references about the Identified Class Members and must authorize only a Human Resources representative to provide a neutral employment reference, which is limited to verifying whether the Identified Class Member was employed by the Defendants and successors (including JRC Culinary Group, Inc.) the last position in which the Identified

Class Member was employed, and the duration of the Identified Class Member's employment with Defendants and successors (including JRC Culinary Group, Inc.);

D.     ensure that any Identified Class Member who is reinstated and/or continues to work for the Defendants and successors (including JRC Culinary Group, Inc.) does not suffer discrimination, harassment, and/or retaliation;

E.     reclassify the terminations of any Identified Class Member to voluntary resignations if they have been identified by the EEOC as being subject to retaliation (based on a list provided by the EEOC); and

F.     ensure that the Identified Class Member, including former employees, are not prohibited from re-employment with Defendant.

## IX.   GENERAL INJUNCTIVE RELIEF

### A.     <u>Non-Discrimination and Non-Retaliation</u>

#### 1.     <u>Non-Discrimination</u>

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors (including JRC Culinary Group, Inc.), assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in employment practices in violation of Title VII. Such employment practices include:

(a)   discriminating against persons in violation of Title VII, including by engaging in or failing to remedy or correct harassment;

(b)   engaging in or becoming a party to any action, policy or practice that discriminates against any person in violation of Title VII, including by engaging in or failing to remedy or correct harassment; or

(c)   creating, facilitating, or permitting a hostile work environment in violation of Title VII, including on the basis of sex.

## 2.   **Non-Retaliation**

Defendants, their directors, officers, agents, management (including all supervisory and lead employees), successors (including JRC Culinary Group, Inc.), assigns, and all those in active concert or participation with them, or any of them, shall be enjoined from engaging in, implementing, or permitting any action, policy or practice that retaliates against any current or former employee or applicant because he or she has:

(a)   opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

(b)   filed a charge with the EEOC alleging such a practice;

(c)   testified or participated in any manner in any investigation (including any internal investigation undertaken by Defendants and successors (including JRC Culinary Group, Inc.) in connection with this case and/or relating to any claim of a Title VII violation;

(d)   been identified as a possible witness or claimant in this Action or in any other legal action alleging a Title VII violation;

(e)   asserted any rights under this Decree; or

(f)   sought and/or received any relief in accordance with this Decree.

### B.   **Posting**

Within ten (10) calendar days after the Effective Date and throughout the term of this Decree, Defendants and successors (including JRC Culinary Group, Inc.) shall post the notice (attached as "Exhibit A") of the terms of this Decree in clearly visible locations frequented by its employees at its facilities in English, Spanish, Chinese, and any other language commonly spoken by its workforce. The postings shall remain posted for the duration of this Decree.

### C.   **Policies Concerning Discrimination, Harassment and Retaliation**

1.   Within thirty (30) calendar days after the Effective Date, Defendants and their successors (including JRC Culinary Group, Inc.) shall

review and revise its policies and procedures on discrimination, harassment and retaliation ("Final Policies") and its complaint policies and procedures to be submitted to the EEOC for review and feedback  as described below.

2.      The Final Policies shall:

(a)      include a clear explanation of prohibited conduct in violation of Title VII, including on the basis of sex and including examples;

(b)      include a complete copy of the final internal Complaint Procedure described below in Section IX(D);

(c)      clarify what steps management must take if they witness and/or become aware of complaints of discrimination, harassment, or retaliation; and

(d)      apply to all workers, whether direct employees or temporary workers placed to work with Defendants and/or successors (including JRC Culinary Group, Inc.) by an outside entity such as temporary staffing agency.

3.      The Final Policies shall also include assurances that Defendants and/or successors (including JRC Culinary Group, Inc.):

(a)      will hold all employees, including management, supervisory, lead and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(b)      will hold all management, supervisory, lead and human resources employees accountable for failing to take appropriate action to address discrimination, harassment, or retaliation and clearly state that management's failure to adhere to the reporting steps will be subject to discipline; and

(c)      has a zero-tolerance policy with respect to discrimination, harassment, and retaliation.

D.      **Reporting / Complaint Procedure**

1.      Within thirty (30) calendar days after the Effective Date, Defendants and their successors (including JRC Culinary Group, Inc.) shall draft,

or review and revise its Reporting / Complaint Procedure to be submitted to the EEOC for review and feedback as described below.

2.     The Reporting / Complaint Procedure shall clearly state that:

(a)     employees who believe that they have suffered discrimination, harassment or retaliation may file an internal complaint using Defendants and their successors' (including JRC Culinary Group, Inc.) internal complaint procedure, and/or may file an external report / complaint to any appropriate person or agency, or both and provide the contact information for the EEOC and state and local Fair Employment Practices (FEP) agencies;

(b)     employees may initiate an internal reporting / complaint verbally or in writing to any lead, supervisor, manager or Human Resources personnel, and no special form is required;

(c)     Defendants and their successors (including JRC Culinary Group, Inc.) shall not tolerate retaliation against any employee for use of the internal reporting / complaint procedure or any external complaint procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the making of a complaint; and

(d)     if an allegation of discrimination, harassment or retaliation against any employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

3.     The Reporting / Complaint Procedure shall lay out Defendants and their successors' (including JRC Culinary Group, Inc.) responsibilities, including that Defendants will:

(a)     maintain the confidentiality of the report / complaint, complainant, and investigation to the fullest extent possible;

(b)     take every reasonable step to promptly resolve complaints;

(c)     promptly commence a thorough investigation that shall be conducted by a person qualified to conduct such investigations;

(d)     interview all relevant witnesses, including the complainant, and review all relevant documents;

(e)     provide an opportunity for the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

(f)     communicate with the complainant (preferably in writing) regarding the status of the complaint, investigation, results of the investigation and any remedial action taken; and

(g)     track investigations and maintain written records of all investigatory steps, any findings or conclusions of the investigation and any remedial actions taken.

4.     The Reporting / Complaint Procedure shall also provide an appeal procedure to an appropriate management representative if the complainant is dissatisfied with the results of an internal investigation. The Reporting / Complaint Procedure shall provide information about external avenues to report / complain about discrimination, harassment, including the information to file a report / complaint to the EEOC. Upon request by the EEOC, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide to the EEOC the investigative files of any complaint / report of discrimination, harassment, and/or retaliation; and a list of employees with their contact information so the EEOC can review Defendants and/or successors' (including JRC Culinary Group, Inc.) investigation and to reopen the investigation as the EEOC deems necessary.

5.     The Reporting / Complaint Procedure shall be provided in English, Spanish, Chinese, and any other language commonly spoken by its workforce.

6.      The Reporting / Complaint Procedure shall NOT require that the complainant:

        (a)      confront his or her harasser;

        (b)      file an internal complaint;

        (c)      initiate the reporting / complaint process only by submitting a written complaint; or

        (d)      initiate the reporting / complaint process only by communicating in English.

7.      Defendants and their successors (including JRC Culinary Group, Inc.) shall confidentially follow-up with every complainant three months, six months, and twelve months after final resolution of the complaint to inquire whether the complainant believes that he or she has been further discriminated, harassed, and/or retaliated against, and, if so, Defendants and their successors (including JRC Culinary Group, Inc.) shall investigate any further allegations of discrimination, harassment, and/or retaliation.

8.      Defendants and their successors' (including JRC Culinary Group, Inc.) Human Resources shall have an open-door policy and shall be easily accessible to the employees. Human Resources representatives shall be available to receive complaints from the employees during normal business working hours (including weekends and night shifts) with or without appointments.

9.      Defendants and their successors (including JRC Culinary Group, Inc.) shall provide its toll-free complaint hotline ("Hotline") and online complaint process (described in §IX(F), *infra*). Defendants and their successors (including JRC Culinary Group, Inc.) shall also publicize the EEOC's general toll-free number: (800) 669-4000.

10.      The Defendants and their successors' (including JRC Culinary Group, Inc.) Human Resource Managers shall track all reports / complaints filed under the revised internal complaint procedures and retain records regarding

investigation and resolution of all such reports / complaints, including but not limited to those reports / complaints made through the Hotline. Documents of the tracking of all reports / complaints shall be disclosed to the EEOC as detailed in Section XI of the Consent Decree

**E.**    **Finalizing and Distribution of Final Policy and Complaint Procedure**

1.    Within thirty (30) calendar days after the Effective Date, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide the Commission with a copy of the above-described Final Policy including the revised internal Complaint Procedure described above in Section IX(C) and (D).

2.    Upon receipt, the EEOC shall have thirty (30) calendar days to review and/or comment on the revised Final Policy. Defendants and their successors (including JRC Culinary Group, Inc.) shall incorporate any EEOC's comments in their revised Final Policy to be distributed as set forth in this section.

3.    Defendants and their successors (including JRC Culinary Group, Inc.) shall within ninety (90) days of the Effective Date and on an annual basis thereafter distribute the Final Policy, including the revised internal Reporting / Complaint Procedure described above in Section IX(D), to all employees, including management, supervisory, lead and human resources employees. Defendants and their successors (including JRC Culinary Group, Inc.) shall have each employee who receives a copy of the Final Policy sign a form acknowledging receipt.

4.    Throughout the term of this Decree, Defendants and their successors (including JRC Culinary Group, Inc.) shall post the Final Policy, including the revised internal Reporting / Complaint Procedures described above in Section IX(D), in a clearly visible location frequented by employees and in

English, Spanish, and Chinese, and any other language commonly understood by Defendants' workforce.

5. Defendants and their successors (including JRC Culinary Group, Inc.) agree to submit to the EEOC any revisions to their Policies and Procedures concerning discrimination, harassment, and/or retaliation at least thirty (30) days prior to the proposed change. The EEOC has thirty (30) days to review and offer any comments. Defendants and their successors (including JRC Culinary, Inc.) shall incorporate any comments from the EEOC to any revision of Defendants and their successors' (including JRC Culinary Group, Inc.) policies and procedures concerning discrimination, harassment, and/or retaliation. Defendants and their successors (including JRC Culinary Group, Inc.) must distribute the revised policies and procedures within thirty (30) days after receiving any further comments from the EEOC or within forty-five (45) days after sending the revisions to the EEOC for review if EEOC has no further comments.

### F. **Hotline and Online Complaint Process**

Defendants and their successors (including JRC Culinary Group, Inc.) shall establish a toll-free number ("Hotline") and online reporting / complaint process to offer employees and staffing agency workers the option of making anonymous complaints, including those of discrimination, harassment, and/or related retaliation. The Hotline and online reporting / complaint process shall operate seven (7) days per week, twenty-four (24) hours per day, be made available in the language(s) commonly used by workers. The Defendants and their successors (including JRC Culinary Group, Inc.)  shall ensure that all Hotline and online inquiries and response times are tracked and logged in accordance with the Report / Complaint Log described in Section IX(G). The Defendants and their successors (including JRC Culinary Group, Inc.) shall provide to the EEOC upon request access to all tracking records, data analytics, or call logs.

Within ninety (90) days of the Effective Date and annually thereafter during the duration of this Decree, Defendants and their successors (including JRC Culinary Group, Inc.) shall communicate the Hotline and online complaint process information to all employees and staffing agency workers to encourage reporting of complaints of discrimination, harassment, and/or retaliation. Defendants and their successors (including JRC Culinary Group, Inc.) shall inform all employees and staffing agency workers that a report / complaint can be lodged at any time with the Hotline. Defendants shall notify new employees, including temporary employees, of the Hotline  no later than within five (5) calendar days of hire.

### G.      **Report / Complaint Log**

Within forty-five (45) calendar days of the Effective Date, Defendants and their successors (including JRC Culinary Group, Inc.) shall establish a Report / Complaint Log, in consultation with the EEOC, for centralized tracking of all complaints regarding discrimination, harassment or retaliation and the monitoring of such complaints to prevent retaliation. The Report / Complaint Log will include every complaint received by Defendants whether internal, external, verbally, in writing, to the Hotline or to the online portal. This system shall be searchable by name of complainant, alleged perpetrator, client, and by location(s) of alleged misconduct, and shall contain, for each complaint or investigation of sexual discrimination, harassment, or retaliation, at least the following information:

(a)      name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the complainant(s) and any other potential aggrieved individual(s);

(b)      name(s), job title(s), date(s) of employment, and job status (temporary or permanent) of the alleged perpetrator(s);

(c)     date(s), location(s) (including department), and nature of the complaint;

(d)     a summary of the allegations;

(e)      a description of how Defendants learned of the complaint, whether the complaint was first made to a manager, human resources employee, or via the Hotline, and the date the complaint was reported to Defendants and their successors' (including JRC Culinary Group, Inc.) Human Resources department;

(f)     date complaint was made;

(g)     a timeline and description of actions taken in response to the complaint, including the investigation of the complaint and final determination of the investigation;

(h)     corrective action taken, if any;

(i)     whether the alleged perpetrator has been accused of or disciplined for harassing behavior before; and

(j)     name(s), job title(s), and employer of each individual involved in receiving the complaint(s), the ensuing investigation(s), and/or the final determination(s).

**H.     Training**

1.     Non-Management Training. Defendants and their successors' (including JRC Culinary Group, Inc.) non-management employees shall be required to attend a live, interactive training program of at least one hour at the beginning of the Consent Decree as described below and annually thereafter regarding discrimination, harassment, and retaliation (the "Non-Management Training") by a trainer approved by the EEOC who is knowledgeable in EEO rights and responsibilities. The Non-Management Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants and their successors' (including JRC Culinary Group, Inc.) Final Policy and procedures for

reporting and handling complaints of harassment, discrimination, and retaliation. The training shall provide examples of the prohibited conduct to ensure understanding by the employees. The training will include training on what to do if the employee witnesses harassment and discrimination and how to intervene to address the harassment. All training shall be designed to effectively teach adult learners and will be conducted by the Monitor. The live, interactive Non-Management Training shall be mandatory and shall occur once every year for the term of this Decree.

The first Non-Management Training shall occur within ten (10) calendar days after EEOC's comments on the training curriculum, as described in Section IX(H)(8) below, or within sixty (60) calendar days from the Effective Date, whichever is later. Any employee who fails to attend any scheduled live, interactive non-Management training shall be trained within thirty (30) calendar days of the live training set forth above or thirty (30) calendar days of their start date if they begin their employment after the training has occurred for that year.

2. <u>Management / Human Resources Training</u>. Defendants and their successors' (including JRC Culinary Group, Inc.) managerial, supervisory, lead, and human resources employees shall be required to attend a live, interactive training of at least two hours by the Monitor at the beginning of the Consent Decree as described below and annually for the term of this Decree (the "Management / Human Resources Training") by a trainer approved by the EEOC who is knowledgeable in EEO rights and responsibilities. The Management / Human Resources Training under this section shall include review of federal employment anti-discrimination laws; employees' rights and responsibilities under Title VII and this decree; and Defendants and their successors' (including JRC Culinary Group, Inc.) Final Policy and procedures for reporting and handling complaints of harassment, discrimination, and retaliation. The Management / Human Resources Training also shall include training on how to properly handle

and investigate reports / complaints of discrimination, harassment, and retaliation in a fair and neutral manner; how to take preventive and corrective measures against discrimination, harassment, and retaliation; how to recognize and stop discrimination, harassment, and retaliation; and effective responses and/or investigations. The training will include training on what to do if the employee witnesses harassment and discrimination and how to intervene to address the harassment. The Management / Human Resources Training shall include role playing on how to handle scenarios and emphasize accountability of management and human resources employees.

The first Management / Human Resources Training shall occur within ten (10) calendar days after EEOC's comments on the training curriculum as described in Section IX(H)(8) below, or within sixty (60) calendar days from the Effective Date, whichever is later. Any employee who fails to attend any scheduled training shall be trained within (30) calendar days of the live training set forth above or thirty (30) calendar days of their promotion/hire date if they begin their employment as a supervisor after the training has occurred for that year.

3.      Defendants and their successors' (including JRC Culinary Group, Inc.) CEO or another high-ranking executive shall participate at all of the trainings mentioned above (i.e. Non-Management Training, Management / Human Resources Training) to demonstrate that Defendants and their successors (including JRC Culinary Group, Inc.) take the trainings seriously.

4.      Within thirty (30) calendar days of the date of hire, for the remainder of the term of this Decree, every new employee, including non-managerial, managerial, supervisory, lead, and human resources employees, shall receive the appropriate trainings described above.

5.      Within thirty (30) calendar days of the date of promotion, for the remainder of the term of this Decree, every employee promoted from a staff

position to a managerial, supervisory lead or human resources position shall receive the above-described Management and/or HR Training.

6.      Any employee required to attend any training under this Decree shall verify in writing his or her attendance at each training.

7.      Within thirty (30) calendar days after the Effective Date and prior to any subsequent training, Defendants and their successors (including JRC Culinary Group, Inc.) shall submit to the EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

8.      Upon receipt, the EEOC may provide comment within thirty (30) calendar days regarding any necessary revisions to the training and such revisions shall be incorporated into the training.

9.      Defendants and their successors (including JRC Culinary Group, Inc.)  shall give the EEOC a minimum of thirty (30) calendar days advanced written notice of the date, time and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC.

**I.      Performance Evaluations for EEO Compliance**

1.      For the upcoming review cycle, Defendants and their successors (including JRC Culinary Group, Inc.) shall revise their performance evaluation forms for managers, supervisors, leads, and human resource personnel to include a measure for performance on compliance with Defendants and their successors' (including JRC Culinary Group, Inc.) discrimination, harassment and retaliation policy and procedures. If a supervisor or manager receives notice of behavior that violates Defendants and their successors' (including JRC Culinary Group, Inc.) harassment prevention or prohibition on retaliation policy and takes no action to end it or report it, that failure will be a consideration in the evaluation. Defendants shall also subject the manager or supervisor to appropriate corrective action.

2.     At least thirty (30) calendar days prior to implementing the performance evaluation forms described above, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide the EEOC with the proposed revisions in order to provide the Commission with an opportunity for comment. Defendants and their successors (including JRC Culinary Group, Inc.) shall incorporate any comment by the EEOC in their performance evaluation form.

3.     Defendants and their successors (including JRC Culinary Group, Inc.) shall report to the EEOC in the annual report as set forth below if it held supervisors/managers accountable for not reporting complaints of discrimination, harassment and/or retaliation and if it rewarded those supervisors/managers who reported such conduct in accordance with its procedures.

**J.     EEO Compliance Audits**

1.     Defendants and their successors (including JRC Culinary Group, Inc.) shall allow the EEOC to conduct  EEO Compliance audits at Defendants and their successors' (including JRC Culinary Group, Inc.) worksite to ensure that leads, supervisors, and managers are held accountable and to encourage employees to report problems of discrimination, harassment, or retaliation at least annually. EEOC shall give a five (5) day written notice to Defendants and their successors of audit. At the EEOC's request, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide their employee list with contact information (address, phone number, and email address) to the EEOC ten days from the EEOC's request so it can contact their employees to conduct EEO compliance audits as stated above.

2.     The EEO Compliance Audit may include but is not limited to the following:

a.     The EEOC may speak with a percentage of employees it deems appropriate to ensure compliance with anti-discrimination, anti-

harassment, and anti-retaliation policies and procedures. To seek employee input, Defendants and their successors (including JRC Culinary Group, Inc.) shall allow the audits to be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advance knowledge of the audit. Defendants and their successors' (including JRC Culinary Group, Inc.) managers, supervisors, and/or leads will not interfere with the audits or discourage the employees from participating in the audits before, during, or after they are conducted.

              b.     The EEOC may review the original of any documents relating to the compliance of this Consent Decree, including documents related to any complaint / report, response, and/or resolution of the complaint / report of discrimination, harassment, and retaliation. Defendants and their successors (including JRC Culinary Group, Inc.) shall provide to the EEOC if requested a list of employees with contact information and shall comply with any remedial action instructed by the EEOC towards any conduct identified during an audit that constitutes discrimination, harassment, and/or retaliation.

## X.    RECORD-KEEPING

      Defendants and their successors (including JRC Culinary Group, Inc.) shall establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment and retaliation reports / complaints and the monitoring of such reports / complaints to prevent retaliation. Defendants and their successors (including JRC Culinary Group, Inc.) shall provide the record-keeping procedure to the EEOC within thirty (30) days of the Effective Date. The EEOC has thirty (30) days to review and comment. Defendants and their successors (including JRC Culinary Group, Inc.) shall incorporate any comments from the EEOC into their record-keeping procedure. The records to be maintained shall include:

      A.     all documents generated in connection with any report / complaint, including documents relating to all investigations or resolutions of any complaints

and the identities of all witnesses identified by the complainant and/or through Defendants and their successors' (including JRC Culinary Group, Inc.) investigation;

B.     all forms acknowledging employees' receipt of Defendants and their successors' (including JRC Culinary Group, Inc.) revised anti-discrimination, anti-harassment, and anti-retaliation policy; and

C.     all documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

D.     all documents generated in connection with the monitoring, counseling, and disciplining of employees whom Defendants and their successors (including JRC Culinary Group, Inc.) determined to have engaged in behavior that may be discriminatory, harassing and/or retaliatory;

E.     all documents generated in connection with Defendants and their successors' (including JRC Culinary Group, Inc.) confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

F.     all documents generated in connection with the establishment or review of performance evaluation measures for leads, supervisors, and managers; and regarding whether Defendants and their successors (including JRC Culinary Group, Inc.) held leads, supervisors, or managers accountable for not reporting complaints of discrimination, harassment and/or retaliation, and/or rewarded those leads, supervisors, or managers who reported such conduct in accordance with its reporting process; and

G.     all records otherwise required to be maintained by law.

Defendants and their successors (including JRC Culinary Group, Inc.) shall make the aforementioned records available to the EEOC within fifteen (15) calendar days following a written request by the EEOC.

## XI.    REPORTING

In addition to the notice and reporting requirements above, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide the following reports to the EEOC in writing by mail or e-mail:

A.    Within ninety (90) calendar days after the Effective Date, Defendants and their successors (including JRC Culinary Group, Inc.) shall submit to the EEOC an initial report containing:

1.    a copy of the Final Policy on anti-discrimination, anti-harassment, and anti-retaliation, including the final complaint procedures;

2.    a summary of the procedures and record-keeping methods for centralized tracking of discrimination, harassment and retaliation complaints and the monitoring of such complaints;

3.    a copy of all prior sexual harassment and retaliation reports / complaints made in the previous 300 days, investigated or resolved, including the names of the complainants; the nature of the report / complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each report / complaint was resolved; and the identity of each of Defendant and successors' (including JRC Culinary Group, Inc.) employee(s) who investigated or resolved each report / complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4.    a statement confirming that the review of the report / complaints of sexual harassment and/or retaliation received by Defendants and successors (including JRC Culinary Group, Inc.) prior to the Effective Date has been completed and a summary of any changes to Defendants and their successors' (including JRC Culinary Group, Inc.) policy and/or procedures to address issues, if any, that were identified through the review; and

5. a statement confirming that the required notices pertaining to this Decree and the Final Policy regarding anti-discrimination, anti-harassment and anti-retaliation have been posted;

6. a statement confirming all training has been completed;

7. a statement confirming that Defendants have complied with Section VIII, "Claimant Specific Injunctive Relief"; and

8. a statement confirming whether Defendants and their successors (including JRC Culinary Group, Inc.) held leads, supervisors, and managers accountable for not reporting complaints of sexual harassment and/or retaliation and/or rewarded those leads, supervisors, and managers who reported such conduct in accordance with its reporting process.

B. Defendants and their successors (including JRC Culinary Group, Inc.) shall also provide the following reports annually thereafter from the last report throughout the term of this Decree:

1. complete employee list, including start date and job title;

2. complete attendance lists for all training sessions required under this Decree that took place during the previous six months;

3. a description of all discrimination, harassment and retaliation reports / complaints made, investigated or resolved in the previous twelve months, including the names of the complainants; the nature of the report / complaint; the names of the alleged perpetrators of discrimination, harassment or retaliation; the dates of the alleged harassment or retaliation; a brief summary of how each complaint was resolved; and the identity of each of Defendants' employee(s) who investigated or resolved each complaint and the identity and most recent contact information for each witness identified by the complainant and/or investigation;

4. an analysis of the monitoring done when more than one complaint is filed by or against a particular employee, as well as any investigation or resolution.

C.      Defendants and their successors (including JRC Culinary Group, Inc.)  shall submit a report to the EEOC detailing any planned changes to the Final Policy, procedures, and/or record-keeping methods for complaints at least thirty (30) calendar days prior to implementing such changes. Defendants and their successors (including JRC Culinary Group, Inc.) shall incorporate any EEOC's comments to any revised policy, procedures, and/or record-keeping methods for complaints.

## XII.   COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants and their successors (including JRC Culinary Group, Inc.) shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.  COSTS AND ATTORNEYS' FEES

Each Party shall bear its own costs of suit and attorneys' fees.

## XIV.  MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each Party.

B.      If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon the appropriate amendments to this Decree necessary to effectuate its purposes. If the Parties are unable to reach agreement, the Court shall order the appropriate alternative provisions necessary to effectuate the purposes of the Decree. Should one or more provisions of this Decree be deemed unlawful, all other provisions shall remain in full force and effect.

## XV.   MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendants and their successors (including JRC Culinary Group, Inc.) shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) calendar days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, Defendants and its successors (including JRC Culinary Group, Inc.) shall ensure that each of its directors, officers, human resource personnel, managers, supervisors, and leads is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Consent Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

E.      The Parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

## XVI.  TAX REPORTING UNDER INTERNAL REVENUE CODE SECTIONS 162(f) AND 6050X

A.      The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.     The Defendants' EIN is: 45-4395202

       The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

       Name: Bingham Lee

       Physical Address:  566 Monterey Pass Rd.

                    Monterey Park, CA 91754

2.     The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.     The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.     Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

5.     The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## XVI.  COUNTERPARTS AND FACSIMILE SIGNATURES

This Consent Decree may be signed in counterparts. A facsimile signature shall have the same force and effect of an original signature or copy thereof. All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: May ___, 2024            By: _____

Anna Y. Park, Regional Attorney
Attorney for Plaintiff EEOC

PACIFIC CULINARY GROUP, INC.
CB FOODS, INC.

Dated: May ___, 2024            By: _____

Jeffrey Lee
Attorney for Defendants
Pacific Culinary Group, Inc.
CB Foods, Inc.

Dated: May ___, 2024            By: _____

Bingham Lee
CEO of Defendants
Pacific Culinary Group, Inc.
CB Foods, Inc.

Dated: May ___, 2024            By: _____

Ryan Zhong Lu
CEO of JRC Culinary Group, Inc.

## <u>ORDER</u>

The provisions of the Consent Decree have been entered into in good faith and are fair, reasonable, and adequate. The Consent Decree is approved and compliance with all provisions is ORDERED. The Court retains jurisdiction over this Consent Decree until its termination.

IT IS SO ORDERED.

Dated: May 29, 2024

FERNANDO L. AENLLE-ROCHA
United States District Judge

# EXHIBIT A

# EXHIBIT A

Consent Decree

## NOTICE OF ENTRY OF CONSENT DECREE

This Notice is posted pursuant to a Consent Decree entered by the federal court in *U.S. Equal Employment Opportunity Commission v. Pacific Culinary Group, Inc. and CB Foods, Inc.*, Case No. 2:23-cv-03018-FLA-(MARx), settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") in the Central District of California.

In its suit, the EEOC alleged that Pacific Culinary Group, Inc. and CB Foods, Inc. subjected a class of employees to a sexually hostile work environment, retaliation, and/or constructive discharge in violation of Title VII of the Civil Rights Act of 1964, as amended.

To resolve this lawsuit, the parties (EEOC, Pacific Culinary Group, Inc., CB Foods, Inc., and successor JRC Culinary Group, Inc.) have entered into a Consent Decree which requires Pacific Culinary Group, Inc. and CB Foods, Inc. to provide monetary relief to the class of employees who experienced sexual harassment, retaliation, and/or constructive discharge.

The Consent Decree also requires Pacific Culinary Group, Inc. and CB Foods, Inc. and successors (including JRC Culinary Group, Inc.) to provide injunctive relief, including:
2)  not to engage in discrimination and retaliation in the future;
3)  to review, revise, and redistribute its policies and procedures regarding discrimination, harassment,  and retaliation; and
5)  to provide training to its management and employees regarding discrimination, harassment, and retaliation.

Pacific Culinary Group, Inc. and CB Foods, Inc. and successors (including JRC Culinary Group, Inc.) are committed to complying with federal anti-discrimination and anti-retaliation laws in all respects. They will not tolerate discrimination and/or retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

The EEOC enforces federal laws against discrimination in employment regarding disability, race, color, religion, national origin, sex, pregnancy, and age.  If you believe you have been discriminated against, you may contact the EEOC at:

**U.S. Equal Employment Opportunity Commission**
**255 E. Temple Street, 4th Fl.**
**Los Angeles, California 90012**
**Telephone:  1-213-669-4000**

The EEOC charges no fees and can speak languages other than English.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED

This Notice must remain posted for four years from the effective date of the Consent Decree and must not be altered, defaced, or covered by any other material.